UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
MARTESE LYTCH,                                                      :      10-CV-2875 (ARR)
                                                                    :
                                    Petitioner,                     :      NOT FOR PRINT OR
                                                                    :      ELECTRONIC
            -against-                                               :      PUBLICATION
                                                                    :
UNITED STATES OF AMERICA,                                           :      OPINION & ORDER
                                                                    :
                                    Respondent.                     :
------------------------------------------------------------------- X

ROSS, United States District Judge:

Martese Lytch, proceeding pro se, petitions this court for a writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651. On August 27, 2003, after a guilty plea, this court sentenced petitioner to a 240-month term of incarceration for his role in a heroin distribution conspiracy plus a 60-month consecutive term of incarceration, pursuant to 18 U.S.C. § 924(c), for carrying a firearm in relation to a drug trafficking crime. See United States v. Lytch, No. 02-CR-891 (ARR). Petitioner now argues that the consecutive sentence should be vacated in light of the Second Circuit's decisions in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), and United States v. Williams, 558 F.3d 166 (2d Cir.2009). For the reasons that follow, a writ of audita querela does not lie.

The common law writ of audita querela has been abolished in civil cases, see Fed. R. Civ. P. 60(b), but, as the Second Circuit has explained, it might yet be deemed available in extraordinary circumstances if its existence were necessary to avoid serious constitutional questions about the validity of laws limiting the avenues of collateral attack on criminal convictions. United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). Where

1

there is no colorable claim of a constitutional violation, the absence of other avenues of collateral attack does not give rise to serious constitutional questions. Id.

There is no arguable basis for petitioner to obtain audita querela relief. First, another avenue of attack was available to petitioner as his challenge falls within the scope of 28 U.S.C. § 2255. It is immaterial that the one-year limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") now bars him from obtaining relief under that section. Persico v. United States, No. 10-86-pr, 2011 WL 1332184, at *1 (2d Cir. Apr. 8, 2011) (rejecting an audita querela petition based on Whitley and Williams). Second, petitioner has presented no colorable claim of a constitutional violation because the Supreme Court has expressly overruled the Second Circuit's decisions on which he bases his claim. Id. at *2 (citing Abbott v. United States, 131 S. Ct. 18, 23 (2010)).

Accordingly, the petition is dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore in forma pauperis status is denied for the purpose of appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: May 4, 2011
Brooklyn, New York

**SERVICE LIST**

<u>Pro Se Petitioner</u>
Martese Lytch
# 69190-053
FCI McKean
P.O. Box 8000
Bradford, PA 16701